IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| RALPH VERNON STRODTBECK,<br><br>Plaintiff,<br><br>vs.<br><br>TROOPER CONNER WAGER; TROOPER DANIEL AMUNDSON; BROADWATER COUNTY ATTORNEY CORY SWANSON; BROADWATER JUSTICE KIRK FLYNN; STATE OF MONTANA; and THIS STATE,<br><br>Defendants. | CV 20–185–M–DWM<br><br><br>ORDER |

On December 16, 2020, Plaintiff Ralph Vernon Strodtbeck, proceeding pro se but not *in forma pauperis*, filed the present complaint—styled as an "Original Bill in Equity"—against two troopers with the Montana Highway Patrol, the Broadwater County Attorney, a Justice of the Peace, the State of Montana, and "This State." (Doc. 1.) Strodtbeck alleges that by issuing statutory citations against him when he was pulled over on March 16, 2020, the defendants "trespass[ed]" upon "RALPH VERNON STRODTBECK an UNINCORPORATED PRIVATE ESTATE TRUST," which they lacked jurisdiction to do under Article 1, Section 10 of the United States Constitution.

1

(*See id.* at 1.) He therefore seeks money damages in excess of ten million dollars per defendant, "an injunction for defendants to cease and desist from any further legal action and dismiss their on-going cases immediately," and a "decree" that he, as the Trust, "is not subject to Statutory law against the whole world." (*Id.* at 2.) Because the Complaint is obviously frivolous on its face, it is dismissed for lack of subject matter jurisdiction.

A frivolous complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). District courts are empowered to dismiss complaints that present "obviously frivolous" allegations, even where the plaintiff is not proceeding in forma pauperis. *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction . . . and may be dismissed *sua sponte* before service of process."). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is only proper when the claim is so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy." *Steel Co v. Citizens for a Better Envt.*, 523 U.S. 83, 89 (1998) (internal quotation marks omitted). That is the case here.

Assuming the facts of Strodtbeck's complaint to be true (i.e., that he was pulled over by the Montana Highway Patrol on March 16, 2020, and they issued

citations that resulted in proceedings before the Broadwater County Justice of the Peace), the premise of his allegation is that he, as an "unincorporated trust," is immune from citation pursuant to Article I, section 10 of the Constitution. Article I, Section 10 imposes certain prohibitions on the states to prevent intrusion on individual rights and the enumerated powers of the federal government. Among other things, it prohibits states from issuing money, entering treaties, or "impairing the Obligation of Contracts." It does not, however, "operate to obliterate the police power of the States." *Allied Structural Steel Co. v. Spannaus*, 438 U.S. 234, 241 (1978). It is therefore unclear what bearing, if any, this has on the Montana Highway Patrol's issuance of citations to persons operating motor vehicles on highways within the State. To the extent the argument is premised on Strodtbeck's belief that his citizenship is a "contractual" trust relationship between him and the federal government with which the state of Montana cannot interfere, that argument lacks any basis in fact or in law. *See In re Dominick*, 2020 WL 1173505, at *2 (N.D. Cal. Feb. 20, 2020) (discussing and rejecting the contractual trust concept). Strodtbeck's complaint neither alleges, nor can be fairly read to allege, a violation of a Constitutional right or claim over which this Court has subject matter jurisdiction. Because Strodtbeck's claim is so "completely devoid of merit as not to involve a federal controversy," *Steel Co.*, 523 U.S. at 89, dismissal without further process is appropriate, *Franklin v. State*, 662 F.2d 1337, 1342–43 (9th Cir. 1981).

Accordingly, IT IS ORDERED that the case is DISMISSED WITH PREJUDICE, meaning there is no conceivable factual or legal means to proceed on plaintiff's contractual trust theory. The plaintiff shall not serve the complaint and summonses on the defendants. If the Complaint has been served, the defendants need not file a responsive pleading. The Clerk of Court is directed to enter judgment consistent with this order and close the case.

DATED this 17th day of December 2020.

_____ 11:50 AM
Donald W. Molloy, District Judge
United States District Court